UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
                              :
Shatell Spurgeon, *pro se*    :
                              :
              Petitioner,     :          **ORDER**
                              :
         -against-            :          11-CV-00600 (KAM)
                              :
William Lee,                  :
Superintendent of Green Haven :
Correctional Facility,        :
                              :
              Respondent.     :
                              :
------------------------------x

**KIYO A. MATSUMOTO, United States District Judge:**

Petitioner Shatell Spurgeon ("petitioner") brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1, Pet.) Petitioner has admittedly filed a "mixed petition" containing both exhausted and unexhausted claims, and now moves by letter dated February 15, 2011[1] for a stay of his habeas petition so that he may exhaust his state court remedies. (ECF No. 3, Letter dated 2/15/11 at 1-4 & Pet. ¶¶ 17-22 (conceding that his newly discovered evidence of innocence, ineffective assistance of trial counsel, and prosecutorial misconduct claims have not been raised in the state court).) Specifically, petitioner seeks a 120-day stay to draft and file a motion pursuant to the New York Civil Procedure

---

[1] The letter was filed with the Clerk of the Court on February 24, 2011 and entered on the court's electronic filing system on March 7, 2011. (*See* ECF No. 3, Letter dated 2/15/11.)

and Civil Practice Law and Rules section 440.10 or other appropriate post-conviction motion in New York State court on the grounds of newly discovered evidence of innocence, ineffective assistance of trial counsel, and prosecutorial misconduct.  (Letter dated 2/15/11 at 1-4.)  In support of his application for a stay, petitioner argues that he had good cause for not presenting these claims to state court, that the claims are "potentially meritorious," and that he has not engaged in delay tactics.  (*Id.*)  For the reasons that follow, the court grants petitioner's motion to stay as to his newly discovered evidence of innocence claim, but denies his motion to stay as to his claims for ineffective assistance of trial counsel and prosecutorial misconduct.

**DISCUSSION**

**A. Legal Standard**

Generally, a state prisoner seeking federal habeas review must first exhaust available state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State."). In order to satisfy the exhaustion requirement, a habeas petitioner must give the state courts a fair opportunity to review the federal claim and correct any alleged error.  *Daye v.*

*Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc); *see also Rhines v. Weber*, 544 U.S. 269, 273 (2005) ("[I]nterests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims"). Thus, the federal habeas statute provides a "simple and clear instruction to potential litigants: before you bring any [habeas] claims to federal court, be sure that you have first taken each one to state court." *Rhines*, 544 U.S. at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (internal quotation marks omitted)).

In light of the total exhaustion requirement, a district court faced with a habeas petition containing exhausted and unexhausted claims generally has three options. First, the court may dismiss the unexhausted claim without prejudice. *See Rhines*, 544 U.S. at 274, 278. Second, if the claim is plainly meritless, the court may deny the claim on the merits, notwithstanding the petitioner's failure to exhaust. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Rhines*, 544 U.S. at 277 ("[T]he district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly

meritless"). Third, where an unexhausted claim is contained in a petition along with exhausted claims, a district court may either invite the petitioner to delete the unexhausted claims and proceed with only the exhausted claims, or, in order to avoid foreclosing federal review of the unexhausted claims, under "limited circumstances," the court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275-77. Specifically, a district court may only stay a mixed petition for a writ of habeas corpus if: (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *See id.* at 277-78.

**B. Analysis**

    **1. Newly Discovered Evidence of Innocence Claim**

Petitioner has met the standards of invoking a stay in order to exhaust his newly discovered evidence of innocence claim. First, petitioner has established "good cause" for failure to exhaust this claim. Petitioner timely filed his federal habeas petition in order to protect his exhausted claims on January 21, 2011, a month before the one-year statute of limitations expired under Antiterrorism and Effective Death

4

Penalty Act of 1996 ("AEDPA"). (*See* Pet. at p. 9; Letter at 3.) In his letter, petitioner claims that, in December of 2010, a month before he timely filed the instant petition, petitioner learned of and located an eyewitness to the crime for which he was charged and convicted. (Letter dated 2/15/11 at 3; *see also* Pet. ¶ 17.) Petitioner further claims that the witness indicated that he would sign an affidavit stating that petitioner was not involved in the crime for which he was charged and convicted. (Letter dated 2/15/11 at 3; *see also* Pet. ¶ 17 (stating that "[p]etitioner now has evidence in the form of sworn affidavits from . . . a witness to the crime . . . that petitioner was not involved in the crime from which he was charged").) Petitioner alleges that he was thereafter unable to relocate the witness until shortly after he filed the instant petition. (Letter dated 2/15/11 at 3.)

At this juncture, the court is unable to make a determination whether petitioner's actual innocence claim is plainly meritless. Further, there is no evidence that petitioner has engaged in intentionally dilatory litigation tactics, and petitioner asserts that he has not engaged in such tactics. (*Id.* at 4 ("I do not benefit from intentionally delaying the habeas proceeding.").) Accordingly, the court stays the instant petition pending petitioner's exhaustion of

5

this claim.  Petitioner shall file a motion raising this claim in state court within thirty (30) days of the date of this Order, if he has not already done so.  Further, petitioner must return to this court within thirty (30) days of the exhaustion of this claim, or his petition will be subject to dismissal.

### 2. Ineffective Assistance of Trial Counsel and Prosecutorial Misconduct Claims

On the other hand, petitioner has failed to establish "good cause" for failing to first present his claims for ineffective assistance of trial counsel and prosecutorial misconduct to the state courts.  First, as to petitioner's ineffective assistance of trial counsel claim, petitioner asserts that he did not present this claim to a state court before filing his petition because the ineffective assistance claim "still needs to be somewhat developed."  (Letter dated 2/15/11 at 3.)  Petitioner states that he is currently drafting a letter to his trial counsel requesting an affirmation or explanation for his alleged ineffectiveness, and that the state court may deny his claim without such an affirmation.  (*Id.*)  However, petitioner's ineffective assistance claim is concededly premised on trial counsel's alleged failure to object, to request a specific jury charge, to request a lesser-included offense, and for allegedly waiving petitioners' right to testify

at trial (*see* Letter dated 2/15/11 at 3; Pet. ¶ 21), - all of which have been known to petitioner since his trial. Petitioner does not explain why he did not raise this claim to a state court earlier, or why he did not request such an affirmation from his trial counsel at any point before he filed his petition. Accordingly, the court does not find that petitioner has shown "good cause" for failure to exhaust his ineffective assistance of trial counsel claim. *See, e.g.*, *Linnen v. Poole*, No. 05-CV-6484, 2011 WL 474146, at *7 (W.D.N.Y. Feb. 4, 2011) (finding petitioner failed to establish "good cause" for failing to exhaust his ineffective assistance of appellate counsel claims sooner where all of the alleged errors were known to petitioner before he filed his habeas petition).

Moreover, petitioner offers no explanation, let alone asserts "good cause," as to why he did not previously raise his prosecutorial misconduct claim in state court. (*See generally* Letter dated 2/15/11.) Like his ineffective assistance claim, the facts underlying the alleged prosecutorial misconduct were known to petitioner at the time of his trial. (*See* Pet. ¶ 19 (prosecutorial misconduct claim based on the calling of a witness at trial who refused to testify in front of the jury and referencing this fact during summation.) Petitioner accordingly has failed to show "good cause" for his failure to exhaust both

his prosecutorial misconduct claim and his ineffective assistance claim, and the court finds it would be an abuse of discretion to allow petitioner to now exhaust these claims in state court.

## CONCLUSION

The court accordingly grants petitioner's motion to stay as to his newly discovered evidence of innocence claim, but denies his motion to stay as to his claims for ineffective assistance of trial counsel and prosecutorial misconduct.

The case will be held in abeyance to allow petitioner to fully exhaust his newly discovered evidence of innocence claim in state court. Petitioner shall file his motion in state court within thirty (30) days of the date of this Order, if he has not already done so. Within thirty (30) days of the exhaustion of petitioner's newly discovered evidence of innocence claim, petitioner must write a letter to this court indicating that his claim is exhausted and that he wishes to terminate the stay of this case. If petitioner fails to do so, his petition will be subject to dismissal. *See Rhines*, 544 U.S. at 277-78 ("A mixed petition should not be stayed indefinitely." Rather, "district courts should place reasonable time limits on a petitioner's trip to state court and back." (*citing Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001))).

8

Respondent shall notify this court within seven (7) days of the state court's exhaustion of petitioner's newly discovered evidence of innocence claim.

Accordingly, it is ordered that the case be administratively closed without prejudice to petitioner's right to reopen upon letter request within thirty (30) days of the full disposition of the state court proceedings on his newly discovered evidence of innocence claim. The Clerk of the Court is respectfully directed to serve a copy of this Order on the Petitioner and note service on the docket and to administratively close this case.

**SO ORDERED.**

Dated:    March 31, 2011
            Brooklyn, New York

                                                       /s/
                                        Kiyo A. Matsumoto
                                        United States District Judge