```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHATELL SPURGEON,

        Petitioner,                      **Not for Publication**

            -against-                    **MEMORANDUM & ORDER**

WILLIAM LEE,                             11-CV-600(KAM)

        Respondent.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Petitioner Shatell Spurgeon ("petitioner"), presently incarcerated pursuant to a judgment of conviction imposed in the Supreme Court, Queens County, New York, for Manslaughter in the First Degree and Criminal Possession of a Weapon in the Second Degree, initiated the instant action on February 2, 2011, seeking a writ of habeas corpus.  (*See* ECF No. 1, Petition.) Petitioner subsequently filed an amended petition, (*see* ECF No. 8, Amended Petition ("Am. Pet.")), and on July 31, 2015, the court denied the amended petition in its entirety, (ECF No. 25, Order Denying and Dismissing Amended Petition ("Denial Order") at 38).  The Denial Order also denied petitioner's request for an evidentiary hearing, as set forth in the amended petition, as moot. (*Id.*)  On May 10, 2018, petitioner filed a motion seeking relief under Federal Rule of Civil Procedure ("Rule") 60(b)(6) to "reopen the judgment denying federal habeas relief."  (ECF No. 27, Notice of Motion; *see also* ECF No. 27-1, Petitioner's

Affidavit in Support ("Rule 60(b) Mem.").)  The court denied the portion of petitioner's Rule 60(b) motion that it construed as proper under Rule 60(b) because it included only a bare allegation of fraud. (*See* ECF No. 28, Rule 60(b) Order at 5.) The court then denied the balance of petitioner's motion as beyond the scope of Rule 60(b) because it substantively attacked his underlying conviction and was properly construed as a second or successive habeas petition. (*Id.* at 6.)

Petitioner then filed an application for leave to file a second or successive habeas corpus petition with the Court of Appeals for the Second Circuit on November 8, 2018. (*See* ECF No. 30, Notice of Appeal.)  On December 10, 2018, the Circuit court ordered that petitioner's motion be construed as a Notice of Appeal from this court's October 30, 2018 order denying his Rule 60(b) motion and further directed this court to rule on whether a Certificate of Appealability ("COA") was warranted. (*See* ECF No. 29.)  Petitioner filed a brief on December 27, 2018, in support of his motion.  (*See* ECF No. 32, Motion for Certificate of Appealability ("COA Mot.").)[1]  For the reasons set forth below, petitioner's request for a COA is denied because he has failed to show that jurists of reason would find it

---

[1] The document filed at ECF No. 32 is entitled "Second Motion for Certificate of Appealability," though it is apparently petitioner's first motion for such relief.  The court understands petitioner's notice of appeal, (ECF No. 30), was treated as the first motion for ECF purposes.

2

debatable that the court abused its discretion in denying his Rule 60(b) motion.

## **LEGAL STANDARD**

When a habeas petitioner seeks a COA challenging the denial of a Rule 60(b) motion, the Second Circuit has held that a COA should issue only if "jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion," and "would [also] find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam).

A district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous view of the evidence. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Gallego v. Northland Group Inc.*, 814 F.3d 123, 129 (2d Cir. 2016) ("[W]e will only find abuse when the district court's decision rests on an error of law or a clearly erroneous factual finding, or its decision cannot be located within the range of permissible decisions." (internal quotation marks omitted) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010))).

A Rule 60(b) motion seeks "extraordinary judicial relief" and should be granted "only upon a showing of

exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). A Rule 60(b) motion that challenges a habeas corpus decision is treated as a successive petition when it argues new grounds for relief or "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under substantive provisions of the statutes, entitled to habeas relief." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Courts must therefore treat "a Rule 60(b) motion [as], in substance, a successive habeas petition if the movant attacks his underlying criminal conviction." *Lopez v. Graham*, No. 10-CV-468, 2018 WL 6421057, at *2 (E.D.N.Y. Dec. 6, 2018) (citing *Gonzales*, 545 U.S. at 531). State prisoners may not file a second or successive petition without precertification by the court of appeals that the successive petition meets certain criteria. *Gonzalez*, 545 U.S. at 528 (citing 28 U.S.C. § 2244); *see also* Rule 9, Rules Governing § 2254 Cases. Absent precertification, district courts do not have jurisdiction to rule on a second or successive petition and must deny or transfer the motion. *See Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003).

Once again, the court is mindful that petitioner proceeds *pro se*, and shall "judge [his] pleadings on 'less

4

stringent standards than formal pleadings drafted by lawyers.'"
*Heins v. Potter*, 271 F. Supp. 2d 545, 551 (S.D.N.Y. 2003)
(quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The
[c]ourt has an obligation to read a *pro se* party's supporting
papers 'liberally, . . . and interpret them to raise the
strongest argument they suggest.'" *Id.* (quoting *Burgos v.
Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "Nonetheless,
proceeding *pro se* does not relieve a litigant from the
[substantive] requirements of [motion practice]." *Id.* (citing
*Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995)).

## **DISCUSSION**

The court presumes familiarity with the underlying
facts in this case as set forth in the July 31, 2015 Opinion
denying petitioner habeas relief. (*See generally* Denial Order
at 1-12.)

As an initial matter, this court was well within its
authority to deny petitioner's Rule 60(b) motion in its entirety
as untimely. Motions brought under Rule 60(b)(6) must be "made
within a reasonable time," and, when brought on the grounds of
mistake, inadvertence, surprise, or excusable neglect, newly
discovered evidence, or fraud, must be brought within a year of
the entry of judgment. Fed. R. Civ. P. 60(c). The Second
Circuit has found delays as short as 18 months unreasonable and
thus untimely. *See, e.g.*, *Kellogg*, 269 F.3d at 104 (finding

5

twenty-six-month delay in filing Rule 60(b) motion "patently unreasonable"); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where delay was over one year); *Newcard, Inc. v. Van Dijke*, 137 F. App'x 384, 386-87 (2d Cir. 2005) (finding the court did not abuse its discretion in denying relief under Rule 60(b)(6) where the delay was 27 months); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (finding a Rule 60(b) motion untimely when filed three and one-half years after judgment in a state habeas case). Petitioner filed his Rule 60(b) motion on May 10, 2018, more than 33 months after this court's July 31, 2015 decision denying his habeas petition. As such, his Rule 60(b) motion was untimely and, on this basis alone, subject to denial.

Nevertheless, the court considered petitioner's arguments and found them either meritless or outside the bounds of Rule 60(b). Only petitioner's unspecified fraud allegation, liberally construed, was proper under Rule 60(b). (*See* Rule 60(b) Order at 5.) However, the court denied that portion of the motion because petitioner did not explain "what the state's purported fraud consisted of, nor d[id] petitioner submit any evidence from which the court could conclude that fraud on the court took place." (*Id.*) Jurists of reason would not find it

debatable that the court abused its discretion by denying an unsupported Rule 60(b) motion based on bare allegations.

The remainder of petitioner's motion "substantively addresse[d] federal grounds for setting aside [his] state conviction," and was thus properly construed as a second or successive habeas petition. *Gonzales*, 545 U.S. at 531-33. Petitioner's Rule 60(b) motion complained of the court's decision not to hold an evidentiary hearing in his habeas case, and also challenged the court's failure to "determine the Sixth Amendment, and due Process violations" petitioner alleged he suffered. (Rule 60(b) Mem. at 11.) As such, the court found it was without jurisdiction to consider these arguments and denied that portion of the motion as outside the scope of relief the court may have granted pursuant to Rule 60(b). (Rule 60(b) Order at 6.)

Petitioner's motion for a certificate of appealability largely echoes his Rule 60(b) motion: both motions attack his underlying conviction by primarily bringing an actual innocence claim. (*Compare* COA Mot. at 6, 8 *with* Rule 60(b) Mem. at 4.) Petitioner once again supports this claim by pointing to an affidavit of Taiwon Jamison, attached to his amended petition, (*see* Am. Pet. at 1-2; Am. Pet. Ex. B., Affidavit of Taiwon Jamison ("Jamison Aff."), dated Sept. 19, 2010), a purported exculpatory eye-witness to the homicide for which petitioner was

7

convicted.[2] (*See* COA Mot. at 6; Rule 60(b) Mem. at 4.) Mr. Jamison's affidavit indicates that he saw another individual, Leonard Jackson,[3] commit the shooting for which Mr. Spurgeon was convicted. (Jamison Aff. at 1.)

Though the court denied the bulk of petitioner's Rule 60(b) motion as outside the scope of that rule, the only allegation arguably directed at the habeas proceeding concerns the court's decision not to hold an evidentiary hearing to develop petitioner's actual innocence claim. (*See* Rule 60(b) Mem. at 11; COA Mot. at 8-9.) However, this argument necessarily attacks petitioner's underlying conviction because the court based its decision not to hold a hearing on its view of the merits of his actual innocence claim and the strength of the new evidence presented. (*See* Denial Order at 18-20 ("The absence of any evidence in the trial record, however, as to the presence [at the scene of the crime] of Mr. Jackson or any other potential shooter underscores the weakness of petitioner's

---

[2] Petitioner also relies heavily on the unique case of *In re Davis*, 557 U.S. 952 (2009), a memorandum decision by the Supreme Court on a petition for a writ of habeas corpus filed directly with the Court. *Id*. (Scalia, J, dissenting) ("Today this Court takes the extraordinary step—one not taken in nearly 50 years—of instructing a district court to adjudicate a state prisoner's petition for an original writ of habeas corpus.") That case is inapposite because it has no precedential value and does not require district courts to hold evidentiary hearings when faced with any actual innocence claim.
[3] The State asserted in its response to petitioner's § 440 motion that Mr. Jackson died on February 2, 2003. (ECF No. 15, Affirmation and Memorandum of Law in Opposition to Motion to Vacate Judgment ("440 Opp.") dated 7/15/11 at 14; *see also* ECF No. 15, Decision and Order dated 7/29/11, at 3-5.)

innocence claim."); *id*. at 21 ("Most importantly, the new affidavit from Mr. Jamison cannot overcome the substantial evidence of petitioner's guilt adduced at trial.").) A habeas court "must determine whether . . . new evidence is trustworthy by considering it both on its own merits and, where appropriate, in light of the pre-existing evidence in the record." *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004). The court did so in denying the amended petition and was well within its authority to decline to hold an evidentiary hearing.

Moreover, petitioner's claim that he was *entitled* to an evidentiary hearing is unfounded. First, evidentiary hearings are not required when issues "can be resolved by reference to the state court record." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (internal quotation mark omitted); *see also Figueroa v. Walsh*, No. 00-CV-1160, 2010 WL 772625, at *6 (E.D.N.Y. Mar. 4, 2010); *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (noting that a district court has discretion to rely on documentary evidence in deciding habeas petitions, and need not conduct a "full-blown testimonial hearing" when in-court testimony "would not offer any reasonable chance of altering [the court's] view of the facts").

As such, the court was entitled to find petitioner's argument attacked his underlying conviction and was thus outside the scope of Rule 60(b). *See also Figueroa*, 2010 WL 772625, at

\*6 (construing a Rule 60(b) motion as a successive petition when it sought relief on a purportedly exculpatory affidavit asserting facts only relevant to whether the petitioner was guilty of the convicted offense). Petitioner has failed to show that "jurists of reason would find it debatable [that] the district court abused its discretion" in denying his Rule 60(b) motion. *Kellogg*, 269 F.3d at 104. Because petitioner fails on this first requirement, the court need not rule on whether jurists of reason would find it debatable that the underlying habeas petition, in light of the grounds alleged to support the Rule 60(b) motion, states a valid claim of the denial of a constitutional right.

## CONCLUSION

For the reasons set forth above, the court declines to issue a COA for petitioner's denied Rule 60(b) motion.

Petitioner is once again advised that, to the extent he wishes to file a motion, petition, or other document that seeks relief based on "federal grounds for setting aside [his] state conviction," he necessarily seeks to file a second or successive habeas corpus petition. *Gonzalez*, 545 U.S. at 531-33. The court may not consider any such request for relief unless petitioner first obtains authorization to file a second or successive petition from the Second Circuit. *See Torres*, 316 F.3d at 151-52. Thus, petitioner is respectfully directed to

seek leave from the Second Circuit prior to filing any further documents seeking to set aside his state conviction based on federal grounds.

The Clerk of Court is respectfully directed to mail a copy of this order to petitioner at his current address: Mr. Shatell Spurgeon, DIN # 03-B-2541, Sullivan Correctional Facility, P.O. Box 116, Fallsburg, New York 12733. This case shall remain closed.

**SO ORDERED.**

Dated:   February 11, 2019
         Brooklyn, New York

                                              /s/
                                    **Kiyo A. Matsumoto**
                                    United States District Judge